# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JASON BONE** | * | **CIVIL ACTION:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **NATIONAL UNION FIRE INSURANCE** | * | **MAGISTRATE:** |
| **COMPANY OF PITTSBURGH, PA,** | * | |
| **TRUCKMOVERS DEPOT, INC,** | * | |
| **TRUCKMOVERS.COM, INC, NAVISTAR,** | * | |
| **INC., DEALER'S CHOICE TRUCKAWAY** | * | |
| **SYSTEM, INC. D/B/A TRUCKMOVERS,** | * | |
| **RUSH TRUCK CENTER, ESTES EXPRESS** | * | |
| **LANES, JUAN M. FUENTES, CNA** | * | |
| **INSURANCE COMPANY, AND** | * | |
| **PROGRESSIVE INSURANCE COMPANY** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DAMAGES

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:

The complaint of Jason Bone, through undersigned counsel, with respect represents that:

1.

Plaintiff, Jason Bone, is a person of the full age of majority and is a resident of and domiciled in Orleans Parish, Louisiana.

2.

Made defendants herein are:

a. TruckMovers Depot, Inc. (hereinafter "TruckMovers") a corporation organized under the State of Missouri and, at all times pertinent hereto, was authorized to do and/or doing business in the State of Louisiana and within the jurisdiction of this Honorable Court. Upon information and belief, TruckMovers does substantial business in the

State of Louisiana and within this district. Upon information and belief, TruckMovers maintains a presence in Louisiana on a regular basis through engaging in interstate commerce using the highways of Louisiana and, therefore, has availed itself of the laws and protections of the State of Louisiana.

b. TruckMovers.com, Inc. (hereinafter "TruckMovers.com") a corporation organized under the State of Missouri and, at all times pertinent hereto, was authorized to do and/or doing business in the State of Louisiana and within the jurisdiction of this Honorable Court. Upon information and belief, TruckMovers.com does substantial business in the State of Louisiana and within this district. TruckMovers.com maintains a presence in Louisiana on a regular basis through engaging in interstate commerce using the highways of Louisiana and, therefore, has availed itself of the laws and protections of the State of Louisiana.

c. Navistar, Inc. (hereinafter "Navistar") a corporation organized under the State of Delaware and, at all times pertinent hereto, was authorized to do and/or doing business in the State of Louisiana and within the jurisdiction of this Honorable Court. Upon information and belief, Navistar does substantial business in the State of Louisiana and within this district. Upon information and belief, Navistar maintains a presence in Louisiana on a regular basis through engaging in interstate commerce using the highways of Louisiana and, therefore, has availed itself of the laws and protections of the State of Louisiana.

d. Dealer's Choice Truckaway System, Inc. d/b/a TruckMovers (hereinafter Dealer's Choice") a corporation organized under the State of Kansas and, at all times pertinent hereto, was authorized to do and/or doing business in the State of Louisiana and

    within the jurisdiction of this Honorable Court. Upon information and belief, Dealer's Choice does substantial business in the State of Louisiana and within this district. Upon information and belief, Dealer's Choice maintains a presence in Louisiana on a regular basis through engaging in interstate commerce using the highways of Louisiana and, therefore, has availed itself of the laws and protections of the State of Louisiana.

e. Rush Truck Center, (hereinafter "Rush") a corporation organized under the State of Virginia and, at all times pertinent hereto, was authorized to do and/or doing business in the State of Louisiana and within the jurisdiction of this Honorable Court. Upon information and belief, Rush does substantial business in the State of Louisiana and within this district. Upon information and belief, Rush maintains a presence in Louisiana on a regular basis through engaging in interstate commerce using the highways of Louisiana and, therefore, has availed itself of the laws and protections of the State of Louisiana.

f. Estes Express Lanes, (hereinafter "Estes") a corporation organized under the State of Virginia and, at all times pertinent hereto, was authorized to do and/or doing business in the State of Louisiana and within the jurisdiction of this Honorable Court. Upon information and belief, and in addition to having physical terminal locations in Louisiana, Estes does substantial business in the State of Louisiana and within this district. Upon information and belief, Estes maintains a presence in Louisiana on a regular basis through engaging in interstate commerce using the highways of Louisiana and, therefore, has availed itself of the laws and protections of the State of Louisiana.

    g. Juan M. Fuentes (hereinafter "Fuentes") a person of full age of majority, is a resident of and domiciled in College Park, Georgia.

    h. CNA Insurance Company (hereinafter "CNA") a foreign insurance company authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, upon information and belief at all pertinent times, provided UM coverage to Jason Bone.

    i. Progressive Insurance Company (hereinafter "Progressive") a foreign insurance company authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, upon information and belief at all pertinent times, provided UM coverage to Jason Bone.

    j. National Union Fire Insurance Company of Pittsburgh, PA (hereinafter "National Fire") a foreign insurance company authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.  At all relevant times, upon information and belief, National Fire was the insurer of defendants, TruckMovers, TruckMovers.com, Navistar, Dealer's Choice, Rush and Estes.

3.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, as there exists complete diversity of citizenship and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

4.

On May 17, 2016, at approximately 4:28 p.m., Plaintiff was operating a vehicle rented from and owned by Enterprise, traveling eastbound on Highway I-30 in Clark County, Arkansas near mile marker 58 in the inside lane.  Plaintiff was travelling between Shreveport, Louisiana and Little Rock, Arkansas on business.

5.

On the above date and at the above time, Defendant Fuentes was operating an International eighteen-wheeler cab carrying three additional eighteen-wheeler cabs "piggybacked" behind it traveling eastbound on Highway I-30 in Clark County, Arkansas near mile marker 58 in the outside lane. Upon information and believe, the vehicle being operated by Defendant Fuentes was owned by Defendants Rush and Estes, and a portion of travel of the vehicles occurred in Louisiana.

6.

Upon information and belief, on the above date and at the above time, Defendant Fuentes was in the course and scope of his employment with, or operating the vehicle at the direction of, Defendants, TruckMovers, TruckMovers.com, Navistar, and Dealer's Choice, with these Defendants' knowledge and permission.

7.

On the above date and at the above time, an unknown driver, John Doe, was operating an unknown vehicle traveling eastbound a few vehicles ahead of Plaintiff's vehicle on Highway I-30 in Clark County, Arkansas. Doe disobeyed traffic control signs and laws by making a left turn into the median at an emergency vehicle turn around.

8.

Plaintiff moved to the outside lane to avoid slowing traffic caused by Doe's unlawful left turn into the emergency crossover. After Plaintiff established his vehicle in the outside lane of travel, Defendant Fuentes rear-ended Plaintiff's vehicle, making a violent and forceful impact with Plaintiff's vehicle.

9.

The aforesaid casualty and resulting damages were legally and proximately caused by the negligent acts and/or omissions on the part of Doe, including, but not limited to:

a. Improperly turning into an emergency vehicle turn around;

b. Creating a dangerous situation;

c. Failing to use reasonable vigilance; and

d. Other acts of negligence and/or fault which may be proven at the trial hereof, all of which are in violation of the dictates of common sense, the rules of the road, and the statutes and/or ordinances of the State of Arkansas and/or the United States, all of which are plead herein as if copied *in extenso*.

10.

The aforesaid casualty and resulting damages were legally and proximately caused by the negligent acts and/or omissions on the part of Defendant Fuentes, including, but not limited to:

a. Failing to properly maintain control of the vehicle;

b. Failing to bring the vehicle to a complete stop before striking Plaintiff's vehicle in the rear;

c. Failing to see what should have been seen;

d. Creating a dangerous situation;

e. Operating the vehicle at an unreasonable speed under the circumstances;

f. Operating a vehicle that was improperly configured considering the three "piggybacked" units the vehicle was carrying;

    g. Upon information and belief, operating in violation of rules, regulations, standard operating procedures, safety procedures or protocols, and laws designed for the safe operation of commercial truck transport;

    h. Failing to maintain the vehicle in proper working order;

    i. Failing to abide by generally accepted practices of commercial drivers;

    j. Failing to abide by generally accepted practices of commercial drivers for safe transport of vehicle cargo;

    k. Failing to use reasonable vigilance; and

    l. Other acts of negligence and/or fault which may be proven at the trial hereof, all of which are in violation of the dictates of common sense, the rules of the road, and the statutes and/or ordinances of the State of Arkansas and/or the United States, all of which are plead herein as if copied *in extenso*.

### 11.

Since Doe was acting in violation of one or more statutes attributable to operation of motor vehicles in the State of Arkansas at the time of the aforesaid vehicular collision, Doe acted negligently as a matter of law.

### 12.

As the rear-ending driver, Defendant Fuentes is presumed to be at fault and responsible for the damages caused to Plaintiff by the aforesaid collision.

### 13.

The vehicle operated by Defendant Fuentes at the time of the collision made the basis of this suit was owned by Defendants Rush and Estes and operated with the knowledge and permission of Defendants Rush and Estes.

14.

Defendant Estes is the holder of the U.S. DOT number 121018 assigned to the vehicle owned by Defendant Rush and operated by Defendant Fuentes at the time of the collision made the basis of this suit.  Defendant Estes has terminal locations in Alexandria, Louisiana and Hammond, Louisiana.  Upon information and belief, the Estes truck traveled through Louisiana as part of the movement of a three-truck piggyback convoy.

15.

Defendants TruckMovers, TruckMovers.com, Navistar, and Dealer's Choice are the shippers of the truck who, upon information and belief, hired and employed the defendant driver, and, therefore, are vicariously liable for the fault of their employee.

16.

The aforesaid casualty and resulting damages were legally and proximately caused by the negligent acts and/or omissions on the part of Defendants TruckMovers, TruckMovers.com, Navistar, and Dealer's Choice, including, but not limited to:

   a. Upon information and belief, negligently hiring, training, and supervising Defendant Fuentes;

   b. Upon information and belief, negligently delegating, or attempting to delegate, safety responsibilities to Defendant Fuentes;

   c. Directing, permitting, and authorizing unsafe use of the International vehicle under the circumstances;

   d. Negligently directing, permitting, and authorizing the operation of a vehicle that was improperly configured considering the three "piggybacked" units the vehicle was carrying;

    e. Upon information and belief, negligently directing, permitting, and authorizing operation of the International vehicle in violation of rules, regulations, standard operating procedures, safety procedures or protocols, and laws designed for the safe operation of commercial truck transport;

    f. Failing to maintain the vehicle in proper working order;

    g. Failing to use reasonable vigilance; and

    h. Other acts of negligence and/or fault which may be proven at the trial hereof, all of which are in violation of the dictates of common sense, the rules of the road, and the statutes and/or ordinances of the State of Arkansas and/or the United States, all of which are plead herein as if copied *in extenso*.

17.

Upon information and belief, at all times pertinent hereto, Defendants CNA and Progressive, provided uninsured/underinsured automobile coverage to Plaintiff, that provides coverage for the damages alleged herein, including, but not limited to, coverage for damages caused by the fault of Doe. These policies of insurance were issued to Plaintiff and/or his representative(s) in the State of Louisiana

18.

Upon information and belief, at all times pertinent hereto, Defendant National, had in full force and effect a policy or policies of liability insurance issued to Defendants Truckmovers, TruckMovers.com, Navistar, Dealer's Choice, Rush and Estes, which insurance provided coverage for the fault of said Defendants and their employees, agents and contractors.

19.

As a result of the foregoing, Plaintiff was caused to suffer physically painful injuries to his head, neck, and back. Plaintiff also has been caused to suffer mental anguish and emotional

distress, has required and incurred the cost of medical treatment for his injuries, has been impaired in his daily activities and enjoyment of life, has lost wages, and will continue to experience pain, physical/mental anguish, activity limitations, and reduced wages because of his injuries.

20.

Plaintiffs assert their claims under the laws of the State of Louisiana and under any other state or federal laws which may be applicable.

21.

Plaintiff is entitled to a trial by jury.

**WHEREFORE**, Plaintiff, Jason Bone, respectfully prays that Defendants be served with a copy of this Complaint for Damages and duly cited to appear and answer same, and that after due proceedings are had, Plaintiff prays for judgment in their favor and against Defendants in all amounts reasonable under the premises, including punitive damages, with legal interest thereon from date of judicial demand, for all costs of these proceedings, for all appropriate legal and equitable relief, and for a trial by jury.

> Respectfully submitted,
> **GAINSBURGH, BENJAMIN,**
> **DAVID, MEUNIER & WARSHAUER, L.L.C.**
>
> BY: */s/ M. Palmer Lambert*
>    **M. PALMER LAMBERT (Bar No. 33228)**
>    2800 Energy Centre
>    1100 Poydras Street
>    New Orleans, Louisiana 70163-2800
>    Telephone: (504) 522-2304
>    Facsimile: (504) 528-9973
>    E-mail: plambert@gainsben.com
>
>    *Attorney for Plaintiff*

**SERVICE LIST:**

**TruckMovers Depot, Inc.**
Through its Registered Agent:
L. Thomas Duvall
2310 S. Redwood Ave.
Independence, Missouri 64057

**TruckMovers.com, Inc.**
Through its Registered Agent:
L. Thomas Duvall
2310 S. Redwood Ave.
Independence, Missouri 64057

**Dealer's Choice Truckaway System, Inc. d/b/a TruckMovers**
Through its Registered Agent:
National Registered Agents, Inc. of Kansas
112 SW 7th Street Suite 3C
Topeka, Kansas 66603

**Navistar, Inc.**
Through its Registered Agent:
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, Louisiana 70808

**Rush Truck Center**
Through its Registered Agent:
Corporation Service Company
Bank of America Center, 16th Floor
111 East Main Street
Richmond, Virginia 23219

**Estes Express Lines**
Through its Registered Agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

**Juan M. Fuentes**
5891 Sable Chase Ln
College Park, Georgia 30349

**SERVICE LIST CONTINUES ON FOLLOWING PAGE**

**National Union Fire Insurance Company of Pittsburgh, PA**
Through its Registered Agent:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, Louisiana 70809

**CNA Insurance Company**
Through its Registered Agent:
333 S Wabash CNA Plaza
Chicago, Illinois  60685

**Progressive Insurance Company**
Through its Registered Agent:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, Louisiana 70809